

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**
XXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-4189
Re: Liability of non-resident
owner of personal property
for ad valorem taxes where
such property is used on fed-
eral areas and reservations
in Texas

We have received your request for an opinion from this department. We quote from your request:

"I am enclosing inquiry received from the International Business Machines Corporation October 28 with reference to the liability of this company for ad valorem taxes on property belonging to the company now in use in the various Army Posts in the State of Texas."

Attached to your request is a letter from the owner of the personal property involved in this opinion from which we quote:

"In accordance with your suggestion, our Manager at San Antonio talked with Lieutenant-Colonel James E. Morrisette, at Fort Sam Houston, regarding locations of our equipment on Federal areas and reservations in Texas. We feel quite certain that our equipment located as shown below is exempt from personal property tax assessment, but wish to have your confirmation of this, if possible, by return mail.

"San Antonio:
U.S. War Department, Quartermaster Corps
U.S. War Department, Normoyle Quartermaster Depot, Motor Transport Division, Camp Normoyle
U. S. War Department, Quartermaster, 8th Corps Area Headquarters, Fort Sam Houston
U. S. War Department, Medical Corps, Supply Depot, Fort Sam Houston
U.S. War Department, San Antonio Arsenal So. Flores Street
U.S. War Department, Fort Sam Houston
U.S. War Department, Air Corps, Duncan Field

"Dallas:

U. S. Department of Agriculture, Farm Security
Administration, Administrative Building,
State Fair of Texas
Farm Credit Administration, Emergency Crop
and Feed Loan Office, Federal Building and
Terminal Annex
North American Aviation Company - Property
owned by U. S. Federal Government

"El Paso:

Adjutant General Office, Machine Records Unit,
Fort Bliss

"Fort Worth:

Austin Company, Consolidated Bomber Plant -
Property owned by U. S. Federal Government

"Corpus Christi:

Brown-Bellows-Columbia, Main Station, Naval
Air Station."

As a general rule personal property located in Texas,
owned by a non-resident, is taxable under the laws of this State provided
the same has obtained a taxable situs. Hall vs. Miller, 110 S.W. 159, af-
firmed in 115 S.W. 1168. We now consider the applicable rules to apply
to determine if the property has acquired a taxable situs within the State
of Texas.

In the case of Waggoner vs. Whale, 21 C.A., 50 S.W. 153,
the court held that cattle, shipped into Texas from Oklahoma to be fed
and fattened in feed lots in Texas and from there sent to out-of-state mar-
kets, were taxable in the county where they were fed. The court said:

"We are not inclined to hold that cattle in Texas,
while being fattened in the owners pens for the outside mar-
kets, are too transient to have a situs and be taxable here.
* * * It is a local industry, and during the feeding season
the cattle, from whatever source they may come, become an
important part of the mass and personal property of the state,
enjoying alike the protection of our laws and subject to the
common burden of taxation."

In our opinion No. 0-3059 we have compiled other cases with reference
to the taxability of livestock brought from another state into Texas which
are grazed and fattened here. A copy of that opinion is enclosed. We
think the same general rules that are expressed therein could be appli-
cable to the facts presented by you.

In the case of City of Dallas vs. Gulf, C. & S. F. Ry. Co. (Court of Civ. App.) 1 S.W. 497, reversed on other grounds in 16 S.W.(2d) 292, Judge Hickman, speaking for the Court of Civil Appeals, said:

"'The word "situs" means site, situation, location, a place where thing is.' Greene County vs. Wright, 126 Ga. 504, 54 S.E. 951.

"Permanency of location is not required to fix situs. If it were, a large percentage of personal property in our state would escape taxation. For the purposes of taxation, the situs of personal property depends upon the character of the use to which that property is put."

Where personal property is being constantly moved, its situs for local taxation, is fixed by the domicile of the owner. City of Fort Worth vs. Southland Greyhound Lines, 123 Tex. 13, 67 S.W.(2d) 361.

A very thorough discussion of the recent cases of the United States Supreme Court concerning the power of the state to tax personal property within its borders, owned by a non-resident, is found in 123 A.L.R. 179. According to the annotation of the cases therein expressed the United States Supreme Court has, in its most recent decisions, generally recognized the power of a state to tax personal property properly within its borders.

The facts which you have submitted to us do not furnish us with a sufficient factual basis upon which to determine whether or not the property inquired about has acquired a taxable situs in Texas. Therefore, we do not pass upon whether or not the property has actually acquired a taxable situs within the State of Texas. However, we have given the rules which are applicable and from which you may be able to determine that fact.

It is the established law that the state has no taxing power over Federal areas, such as army posts or military reservations, where a deed of cession to such area has been made by a state to the Federal Government for any of the enumerated purposes in Article 1, Section 8, Sub-section 17 (U.S.C.A.) of the Constitution of the United States, in which deed of cession exclusive jurisdiction has been given to the Federal Government. Surplus Trading Company vs. Cook, 281 U.S. 647, 74 L.Ed. 1091. The case referred to held that blankets bought by an individual, from a military reservation and still located thereon on the date when property was required to be rendered, according to the laws of the State of Arkansas, for taxation purposes, were not liable for an ad valorem tax under the laws of that state because cession of all jurisdiction including the taxing power, had been given by the state to the Federal Government. The case also holds that the state does have its usual taxing power over personal property

not owned by the Federal Government but located on land owned by the Federal Government within the state, the jurisdiction of which has not been ceded to the Federal Government.

We, therefore, specifically answer your request by advising you that the property is taxable, under the applicable laws of the State of Texas, provided the facts show that it has acquired a taxable situs and provided that exclusive jurisdiction, including the taxing power, over the land, upon which it is located, has not been ceded to the Federal Government by the State of Texas in accordance with the laws applicable to deeds of cession. You are also advised that if the property is located on a military reservation or other proper Federal area, the exclusive jurisdiction over which has been ceded to the United States Government, in compliance with the deed of cession laws of the State of Texas, then the state has no power or jurisdiction to tax personal property located thereon.

We trust that in this manner we have fully answered your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Harold McCracken

Harold McCracken
Assistant

HM:ej/cm
Encl.

APPROVED DEC 19, 1941

/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion
Committee

By /s/ BWB
Chairman